**Joe Alvin TOLLEY, Petitioner,**

v.

**Ray PAGE, Warden, Respondent.**

**No. A–14470.**

Court of Criminal Appeals of Oklahoma.

Jan. 10, 1968.

Doyle & Case, Tulsa, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

## MEMORANDUM OPINION

BUSSEY, Judge.

This is an original proceeding in which petitioner seeks his release from confinement from the State Penitentiary at McAlester, Oklahoma, where he is currently incarcerated by virtue of a judgment and sentence rendered against him in the District Court of Tulsa County, assessing his punishment at five years imprisonment for the crime of Grand Larceny.

In petitioner's application he admits that he was represented by counsel of his own choice, did not seek appointment of counsel to represent him on appeal, nor the preparation of casemade at public expense, nor

does he allege that he was denied any right relating to an appeal. He now seeks a new trial on the ground and for the alleged reason that prior to his arrest he confessed to the officers of the Tulsa Police Department. Petitioner now asserts that the trial court erred in overruling his Motion to Suppress said confession after conducting a hearing outside the presence of the jury, and that the admission of this confession in evidence constituted such fundamental error as to deprive the court of jurisdiction to pronounce the judgment and sentence imposed.

■ While ordinarily this Court could summarily dispose of this matter on the ground and for the reason that the admission or rejection of evidence occurring during the trial of a criminal case is reviewable only on appeal and cannot be collaterally attacked in an application for habeas corpus under the prior decisions of this Court, we are of the opinion that had the question here presented been properly preserved and presented to the Court on appeal, this alleged assignment of error would not form the basis for a reversal.

■ It affirmatively appears from the record that the defendant voluntarily presented himself at the Tulsa Police Department, where he gave the statement later introduced against him at the trial, prior to being placed in custody and before he could be advised of his constitutional right to remain silent and of his right to counsel. Moreover, at the hearing on his Motion to Suppress said statement, he denied having made the statement and under these circumstances we are of the opinion that neither Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, nor Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, have any application.

For the reasons above set forth we are of the opinion that the relief prayed for should be, and the same is hereby, denied.

Writ denied.

BRETT, J., and NIX, P. J., concur.